*1074 POLSTON, J.,
concurring.
I concur with' the majority’s decision to affirm Carr’s conviction and sentence. However, I write because the timing of Fulgham’s sentence is no reason to fracture our proportionality review. Because we have all of the information necessary to decide Carr’s culpability relative to Fulgham since the record was supplemented with Fulgham’s record and the parties briefed the issue, we should decide the issue now on direct appeal rather than waiting for postconviction. See Wright v. State, 19 So.3d 277, 305 (Fla.2009) (considering codefendant’s life sentence as part of our proportionality review on direct appeal despite the fact that the defendant was “tried and sentenced to death before [his codefendant’s] trial commenced”).
Though both Carr and Fulgham claim that the other suffocated Strong, Carr is nevertheless more culpable in her murder. Two examples are particularly telling. First, Carr’s “superior intelligence” and IQ of 125 are a far cry from Fulgham’s IQ of 81 and expert testimony that he has brain damage, is cognitively impaired, and “barely knows what’s going to happen next.” Second, in addition to presenting much weaker mitigation than Fulgham, the record establishes that Carr was the dominant force in Strong’s murder. Specifically, Carr’s own mental health expert testified that she is in control and manipulating of male relationships, and the trial court found no evidence that Fulgham dominated, manipulated, or controlled Carr. In contrast, Fulgham’s psychiatry expert testified that Fulgham has dependent personality disorder and said of Fulgham’s relationship with Carr that, “when it really comes to what’s going to happen, it comes back to what [Carr] wants.” The same expert testified that, on the night of Strong’s murder, Carr “stirr[ed] up conflict” by getting Strong to admit that she had been unfaithful to Fulgham during their marriage, and that the news of Strong’s affair caused Fulgham to go through with her murder.
Therefore, in accordance with our precedent, I would consider Carr as more culpable than Fulgham in Strong’s murder and affirm her death sentence as proportional on this additional basis. See Jennings v. State, 718 So.2d 144, 153 (Fla.1998) (“[D]isparate treatment of codefendants is permissible in situations where a particular defendant is more culpable.”).
LABARGA, C.J., and CANADY, J., concur.